**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| JESUS VILLA-MORENO, | § § § | |
| Movant, | § § | |
| V. | § § | NO. 4:25-CV-1371-O |
| | § § | (NO. 4:24-CR-280-O) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jesus Villa-Moreno under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.     BACKGROUND

On November 7, 2024, Movant was named in a one-count information charging him with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8). CR ECF No.[1] 11. Movant entered into a plea agreement pursuant to which he agreed to plead guilty and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea. CR ECF No. 14. The plea agreement also set forth: the maximum penalties Movant faced; the Court's sentencing discretion, including that the guidelines would not be binding on the Court and that no one could predict with certainty the sentence that would be imposed; the immigration consequences, including that Movant might be automatically

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-CR-280-O.

removed from the United States; the plea was freely and voluntarily made and not the result of threats, force, or promises; Movant had reviewed thoroughly all legal and factual aspects of the case with counsel and was fully satisfied with counsel's legal representation; and, Movant waived his right to appeal except in certain limited circumstances. *Id.* Movant also signed a factual resume that set forth the penalties Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 15. Movant also signed a waiver of indictment, CR ECF No. 16, and notice of consent to entry of his plea before a magistrate judge. CR ECF No. 18.

On November 13, 2024, Movant appeared in open court for arraignment and testified under oath that: he signed the plea agreement, which had been translated into Spanish and read to him and he understood it before signing; he understood that he was waiving his right to appeal and had discussed it with counsel; all of the terms of his agreement with the government were set forth in the plea agreement, which he freely and voluntarily signed; other than the written plea agreement, no one had made any promise or assurance or used threats or force to induce him to enter into the plea agreement; he had received, had read in Spanish, and understood the information and the charge against him; he understood the essential elements of the offense and admitted that he committed all of them; he was fully satisfied with counsel; he understood that his conviction might result in his deportation and had discussed the consequences of his plea with counsel; he understood the penalties he faced; he had no questions about the proceedings; and, he signed the factual resume after it had been translated and read to him and the facts set forth in it were true and correct. CR ECF No. 50.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 36. CR ECF No. 23-1, ¶¶ 28, 29. He received a two-level enhancement for possession of a dangerous weapon. *Id.* ¶ 30. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 36, 37. Based on a criminal history category of I, his guideline imprisonment range was 168 to 210 months; however, the statutorily authorized maximum sentence was 15 years so the guideline range because 168 to 180 months. *Id.* ¶ 74. Movant filed objections, CR ECF No. 29, and the probation officer prepared an addendum to the PSR rejecting the objections. CR ECF No. 35-1.

The Court sentenced Movant to a term of imprisonment of 120 months, a downward variance. CR ECF Nos. 43, 44. Movant appealed, CR ECF No. 45, even though he had waived the right to do so. CR ECF No. 14, ¶ 14. His counsel filed a motion for leave to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Villa-Moreno*, No. 25-10410, 2025 WL 2828850 (5th Cir. Oct. 6, 2025).

## II.    GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion: (1) he is a U.S. citizen and not guilty of the offense to which he pled guilty; (2) his constitutional rights were violated by the PSR relying on a drug offense to set his base offense level; and (3) the government breached the plea agreement. ECF No.[2] 1 at 4, 5, 7.[3]

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system.

### III.   APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

In his first ground, Movant asserts that he is a United States citizen who was charged and prosecuted as an illegal alien. ECF No. 1 at 4. In his supporting memorandum, he argues that had counsel investigated, he would have determined this to be true. ECF No. 9 at 8.[4] This ground fails for a number of reasons. First, if it had any merit (and it does not), this ground should have been raised on appeal and cannot be pursued here, as Movant fails to make any showing of cause and prejudice. *Shaid*, 937 F.2d at 231. Second, Movant has not come forward with any proof to support this ground. The actual innocence gateway requires the movant to support his allegations with new

---

[4] The page number references to the memorandum are to "Page __ of 42" reflected at the top right portion of the document. The typewritten page numbers on the document are not the actual page numbers.

reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Third, Movant's allegation that counsel failed to investigate is wholly conclusory and unsupported. *Miller*, 200 F.3d at 282. One who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Movant admitted in writing, CR ECF No. 15, and under oath, CR ECF No. 50 at 36–37, 48–50, that he was an illegal alien. Immigration records showed that he was a citizen and national of Mexico, who had been deported before. CR ECF No. 23-1, ¶ 19. His sister confirmed that he was born in Mexico. *Id.* ¶ 52–57. This ground is frivolous, as is any contention that counsel rendered ineffective assistance in failing to pursue it.

In his second ground, Movant asserts that his Sixth Amendment right to confrontation was violated by the Court's reliance on the PSR cross reference to methamphetamine instead of using the firearms guideline. ECF No.1 at 5. The argument—that Movant received an upward departure—is nonsensical. ECF No. 9 at 9–10. The Court is not required to try to make an argument on Movant's behalf. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). However, as best the Court can tell, Movant's argument appears to be that the cross reference was improper because Movant was not caught with the $30,000 he agreed to pay for 15 kilograms of methamphetamine. He ignores that he clearly intended to obtain the drugs by use of the firearms he brought to the meeting with the undercover officer. Again, this ground, if it had any merit, should have been raised on appeal and is barred here. *Shaid*, 937 F.2d at 231. To the extent Movant refers to the confrontation clause, the law is clear that a defendant's confrontation rights at sentencing are severely restricted. *United States v. Young*, 981 F.2d 180, 188 (5th Cir. 1992). A sentencing court

6

may rely on hearsay that has some minimal indicium of reliability and bears some rational relationship to the decision to impose a particular sentence. *Id.*, 981 F.2d at 187. For the reasons explained in the PSR and addendum, the base offense level was properly calculated. CR ECF No. 23-1; CR ECF No. 35-1.

In his third ground, Movant asserts that the government breached the plea agreement. Specifically, he maintains that the government agreed that Movant's guideline range would be 46–57 months under U.S.S.G § 2K2.1 and not 168–80 months under U.S.S.G. § 2D1.1. ECF No. 1 at 7. In his memorandum, he goes further, alleging that, in violation of the agreement, the government "stipulated to an upward departure." ECF No. 9 at 11. The argument is wholly belied by the record. Movant testified under oath that his only agreement with the government was set forth in the plea agreement. CR ECF No. 50 at 25. The terms of the plea agreement are unequivocal and do not bind the government to any particular sentence or range. CR ECF No. 14. Instead, the plea agreement sets forth the Court's sentencing discretion and Movant's acknowledgment that the guidelines were not binding on the Court, that no one could predict his sentence, and that the sentence was wholly within the Court's discretion. *Id.* ¶ 4.

In the conclusion section of his memorandum, Movant appears to argue that he received ineffective assistance because his counsel (at trial and on appeal) failed to pursue the issues raised in his motion. For the reasons discussed, each of the grounds raised is without merit. Counsel cannot have been ineffective in failing to raise frivolous arguments. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). The filing of an *Anders* brief does not constitute ineffective assistance; rather, an attorney is under an ethical obligation to refuse to prosecute a frivolous appeal and to seek to withdraw if he finds the case to be wholly frivolous. *Anders*, 386 U.S. at 744; *White*

*v. United States*, 23 F. App'x 570, 572 (7th Cir. 2001). Movant waived his right to appeal except in certain limited circumstances not applicable here, Crim. Doc. 14, ¶ 14, and the waiver is enforceable. *United States v. Barnes*, 953 F.3d 383, 389 n.11 (5th Cir. 2020). There were no grounds to pursue on appeal.

To the extent Movant purports to raise any additional grounds in his reply, the Court is not considering them. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **2nd** day of **April, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**